MR. JUSTICE SHEA,
dissenting:
I dissent. For years and years and years parties to insurance contracts have operated on the assumption that language such as that interpreted here does not cover a claim for punitive or exemplary damages. We should give some weight to that practice in interpreting the contract language, for surely damages to punish the insured defendant were not within the contemplation of the parties.
Damages are for punishment or to make an example of the defendant because of his conduct. While punitive damages as part of an insurance contract may not be contrary to public policy, I do not believe we should expand the interpretation of the contractual language to reach this result. Here the damages the insurance company agreed to pay were damages related to bodily injury or property damage. But the insurance company is here forced to pay additional damages because its insured was drunk and inflicted the bodily injury while he was drunk. The punitive damages are not to compensate for bodily injury or property damage but to punish the defendant. Clearly, they are not covered by the insurance contract.